UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR S. HALTOM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NDEx West, LLC, a.k.a. BARRETT DAFFIN, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-00086-TLN-KJN<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

This matter is before the Court on Plaintiff Victor S. Haltom's ("Plaintiff") Application for Temporary Restraining Order. (ECF No. 5.) The Court has carefully considered Plaintiff's motion. For the reasons set forth below, Plaintiff's application is hereby DENIED.

**I.   FACTUAL BACKGROUND**

On or about February 21, 2007, Plaintiff and his estranged wife, Susan Haltom, executed a promissory note and first mortgage in the principal sum of approximately $740,000.00. (Compl., ECF No. 1 at ¶ 5.) In connection with execution of the note, Plaintiff executed a deed of trust in favor of Bank of America, with a principal balance of approximately $740,000.00. (ECF No. 1 at ¶ 6.) The purchase price of the Subject Property, with respect to which Bank of America was the named beneficiary in the above-referenced deed of trust, was $920,000.00. (ECF No. 1 at ¶ 7.) For eight years—from February of 2007 through February 2015—Plaintiff made the monthly

1    payments on the fixed rate mortgage for the Subject Property.  (ECF No. 1 at ¶ 8.)  The mortgage

2    consists of a 10-year interest only period, followed by a 30-year principal and interest period.

3    (ECF No. 1 at ¶ 8.)  The monthly mortgage payments were approximately $5,000.00.  (ECF No. 1

4    at ¶ 8.)  In October of 2014, Plaintiff and his estranged wife legally separated.  (ECF No. 1 at ¶ 9.)

5    From February of 2007 until October of 2014, Plaintiff resided continuously in the Subject

6    Property, along with his estranged wife and family members.  (ECF No. 1 at ¶ 9.)  After October

7    of 2014, Plaintiff's estranged wife remained in the Subject Property.  Plaintiff took up temporary

8    residence in Fair Oaks, California.  (ECF No. 1 at ¶ 10.)  Payments were made in full on the

9    mortgage for the Subject Property until February of 2015.  (ECF No. 1 at ¶ 11.)

10          Defendant Caliber Home Loans ("Caliber") is now the mortgage servicer for the mortgage

11   on the Subject Property.  (ECF No. 1 at ¶ 13.)  The legal separation between Plaintiff and his

12   estranged wife gave rise to financial difficulties for Plaintiff.  (ECF No. 1 at ¶ 14.)  Plaintiff's

13   estranged wife commenced loan modification negotiations with Caliber in or about April of 2015.

14   (ECF No. 1 at ¶ 15.)  Although Plaintiff was informed of the negotiations, he was not involved in

15   the process, except for providing requested documentation.  (ECF No. 1 at ¶ 15.)  At some point

16   in the latter half of 2015, Plaintiff's estranged wife informed Plaintiff that Defendant Caliber

17   denied the loan modification application.  (ECF No. 1 at ¶ 19.)  She then informed Plaintiff she

18   was going to appeal.  (ECF No. 1 at ¶ 19.)  Plaintiff had no involvement whatsoever in the

19   Caliber appeal process.  (ECF No. 1 at ¶ 19.)  On January 11, 2016, Plaintiff's estranged wife

20   informed Plaintiff that the appeal with Caliber had been denied.  (ECF No. 1 at ¶ 20.)  On that

21   date, Plaintiff demanded his estranged wife provide him with all documents in her possession

22   concerning Caliber.  (ECF No. 1 at ¶ 20.)  Plaintiff asserts that he has some documents, but

23   clearly not all of the relevant documents.  (ECF No. 1 at ¶ 20.)   The Subject Property is now

24   scheduled to be sold at a Trustee's Sale in Sacramento on January 19, 2016.  (ECF No. 1 at ¶ 23.)

25          On January 14, 2016, Plaintiff filed a complaint in this Court alleging three causes of

26   action: violations of Calif. Civil Code § 2923.55; violations of Calif. Civil Code § 2923.6; and

27   violations of Calif. Civil Code § 2923.7.  (ECF No. 1.)  On January 15, 2016, Plaintiff filed the

28   instant application for temporary restraining order to prevent foreclosure of the Subject Property.

(ECF No. 5.)

## II.   LEGAL STANDARD

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.  *See* Fed. R. Civ. P. 65.  It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction.  Local Rule 231(a); *see also Aiello v. One West Bank*, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Therefore, the party requesting injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).  Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), they are not immune from the Federal Rules of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. *Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after *Winter*).

### III. ANALYSIS

Plaintiff moves the court ex parte for a temporary restraining order preventing the foreclosure sale of his home, currently scheduled for January 19, 2016. Plaintiff alleges that he is the victim of "dual tracking" in which a lender engages in loan modification negotiations while at the same time moving toward a non-judicial foreclosure sale. Dual tracking is a mechanism by which a lender continues the foreclosure process while a completed loan modification is pending. The California Homeowner's Bill of Rights has made dual tracking illegal. Specifically California Civil Code § 2923.6 states:

> (c) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:
>
> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
>
> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
>
> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

At first blush, Plaintiff's argument seems to be availing. However, on closer inspection of the facts alleged within the Complaint, it becomes clear that Plaintiff has not alleged facts that support dual tracking.

Plaintiff states that he no longer lives in the residence and that he was not involved in the modification application or the subsequent appeal. (ECF No. 1 at ¶ 15.) Plaintiff does not provide this Court with any facts or documents to evidence that dual tracking indeed occurred. It is clear that foreclosure proceedings were started and that the foreclosure process is close to reaching its conclusion, but it is not clear that said process necessarily continued throughout the time that Plaintiff's wife attempted to get a modification. Plaintiff makes passing comments

about the fact that he was not contacted by Caliber.  However, the Court is not convinced that Caliber's correspondence with Plaintiff's estranged wife instead of Plaintiff violates California law.  If it is Plaintiff's position that Caliber should have contacted him for modification purposes, this Court is not convinced that Caliber was under any obligation to do so.  First, although Plaintiff and his wife are estranged, there is no evidence that Caliber would have known that she did not speak on Plaintiff's behalf during the loan modification negotiations.  Second, in the event that Caliber was aware of their marital and living situation, it is unlikely that Plaintiff would have been able to procure a modification since he is not and was not residing at the property at the time of such negotiations.

Plaintiff makes passing comments about notice requirements that have not been met because Caliber sent notice to the property at issue and not Plaintiff's current residence. (ECF No. 5 at 3.)  There is no evidence before this Court that Caliber had Plaintiff's address or knew that he did not reside at the property.  California Civil Code § 2923.55(b)(2) requires that a mortgage servicer "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."  However, it says nothing about contacting both spouses, and Plaintiff has not provided this Court with any case law that would support such an interpretation of the statute.

Plaintiff also comments on the fact that his estranged wife did not share information with him about the status of the loan in a timely manner.  Although such allegations are troubling, they do not show that Caliber was unlawful in its actions, but rather show that Plaintiff's relationship with his estranged wife was a large contributing factor to the way that the events have occurred.  Caliber cannot be held responsible for Plaintiff's estranged wife's failure to notify Plaintiff of the financial problems concerning the property.  For these reasons, the Court finds that Plaintiff has not met his burden of showing a likelihood of success on the merits of this case.  Because Plaintiff cannot meet the first prong, the Court need not address the remaining prongs. *See Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*, 632 F.3d at 1135 (*Winter* requires a plaintiff to make a showing on all of the *Winter* factors).

///

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Application for Temporary Restraining Order (ECF No. 5) is hereby DENIED.

IT IS SO ORDERED.

Dated: January 15, 2016

Troy L. Nunley
United States District Judge